BEFORE THE THIRD DIVISION, FEBRUARY 5, 1953

No. 57060.—Winsor & Newton, Inc. *v.* United States, petition 6894–R (New York).

EKWALL, Judge: This is a petition filed under authority of section 489 of the Tariff Act of 1930 for remission of additional duties accruing by reason of undervaluation on entry of certain books and pamphlets imported from England.

The vice president of the petitioning corporation, who had been an officer thereof for about 28 years, testified that he superintended the making of this entry and of sending the necessary documents to the customhouse broker, and had been engaged in that type of work for about 26 or 27 years. His testimony in substance was as follows: At the time the goods arrived in this country, the proper appraisal of such merchandise had been in question between the Government appraiser and the witness, which situation had lasted about 5 or 6 years. Prior to the arrival of these goods, he had furnished the appraiser's office with information secured from the shipper with a view to helping said appraiser in arriving at a conclusion as to the proper value. At the time the goods arrived, the appraiser had reached no conclusion of the problem. Subsequently, said appraiser informed the witness that certain advances in value should be made, whereupon the witness' corporation consulted with its customhouse broker and also consulted counsel. In order that a test case might be made, it was arranged that the appraiser should advance the values in a certain number of entries, including that here involved. From such values, a number of appeals for reappraisement were filed by the customhouse broker at the request of the witness. Among this number the instant entry should have been included, but as to this particular entry no appeal was filed.

The witness, prior to arrival of this merchandise, had been in frequent contact with the appraiser's office regarding the appraisal of these goods and, before taking any action, he had consulted with other officers of his corporation. He stated that in entering the merchandise as he did he had no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value and, where it was possible, he at all times complied with any request of the appraiser for information.

Counsel for the Government stated at the conclusion of the testimony of this witness:

The Government rests also except that for the record I should like to say that we had the case investigated and we are satisfied that our findings are substantially in conformity with the testimony heard this morning.

Upon this record, we find that the petitioner has sustained its burden of proving that the entry of the merchandise was without intent to defraud the revenue of the United States or to deceive its officials or to conceal or misrepresent the facts. The petition is therefore granted.